IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

UNITED STATES OF AMERICA,      )      CR. NO. 10-00878 LEK
                               )
          Plaintiff,           )
                               )
     vs.                       )
                               )
AMALIA LAYMAN,                 )
                               )
          Defendant.           )
_____ )


**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

Defendant Amalia Layman ("Defendant") filed the instant Motion to Dismiss Indictment ("Motion") on March 30, 2011. [Dkt. no. 13.] The United States of America ("Government") filed its memorandum in opposition on April 11, 2011. This matter came on for hearing on April 23, 2011. Appearing on behalf of Defendant was Donna Gray, First Assistant Federal Defender, and appearing on behalf of the Government was Assistant United States Attorney, Tracy A. Hino.

After careful consideration of the Motion, supporting and opposing memoranda, and the arguments of counsel, Defendant's Motion is HEREBY DENIED, as more fully set forth below, because Title 18, United States Code, Section 641 is sufficiently definite that the type of offense for which Defendant may be found guilty depends entirely on the aggregate amount Defendant has been determined to have improperly received and retained in this case. Simply stated, regardless of the number of counts

charged, the total aggregate amount determined in a single case will result in a single felony conviction (if that amount is $1,000 or more) or in a single misdemeanor conviction (if that amount is less than $1,000).

## BACKGROUND

On December 15, 2010, Defendant was indicted by the Grand Jury in a twelve-count indictment alleging violations of Title 18, United States Code, § 641 ("Indictment"). [Indictment, filed December 15, 2010.]

In the instant Motion, Defendant argues that the Indictment should be dismissed because the statutory offense is unconstitutionally vague on its face, unconstitutional as applied in this case, or unconstitutionally vague as to what offense or offenses are charged against Defendant.

The Government, in response, argues that a court may not entertain a challenge as to whether a criminal statue is unconstitutional on its face, unless the First Amendment is implicated, that the statute at issue is not constitutionally vague because it provides notice with sufficient definiteness of the possible penalties, and that the Indictment, when construed in its entirety and according to common sense, is not unconstitutionally vague.

## DISCUSSION

To prove that 18 U.S.C. § 641 is unconstitutionally vague, Defendant must show that the statute "(1) does not define the conduct it prohibits with sufficient definiteness and (2) does not establish minimal guidelines to govern law enforcement." United States v. Rodrigues, 360 F.3d 949, 953 (9th Cir. 2004) (quoting United States v. Davis, 36 F.3d 1424, 1434 (9th Cir. 1994) (internal citations omitted).  Since Defendant does not challenge the statute on First Amendment grounds, whether the statute is unconstitutional on its face is not considered but, rather, the issue to be determined is "'whether the statute is impermissibly vague *in the circumstances of this case*.'"  Id. (citing United States v. Purdy, 264 F.3d 809, 811 (9th Cir. 2001) (emphasis in original)).

The statute provides:

18 U.S.C. § 641. Public money, property or records.

Whoever embezzles, steal, purloins, or knowingly converts to his use or the use of another, or without authority, sells, conveys or disposes of any record, voucher, money, or thing of value of the United States or of any department or agency thereof, or any property made or being made under contract for the United States or any department or agency thereof; or

Whoever receives, conceals, or retains the same with intent to convert it to his use or gain, knowing it to have been embezzled, stolen, purloined or converted –

Shall be fined under this title or imprisoned not more than ten years, or both; **but if the**

> ***value of such property in the aggregate,***
> ***combining amounts from all the counts for***
> ***which the defendant is convicted in a single***
> ***case, does not exceed the sum of $1,000, he***
> ***shall be fined under this title or imprisoned***
> ***not more than one year, or both.***
>
> The word "value" means face, par, or market
> value, or cost price, either wholesale or
> retail, whichever is greater.

18 U.S.C. § 641 (emphasis added). From the language of the statute, it is clear that the aggregate value of the property in *all counts* for which the Defendant is convicted in a *single* case determines the penalty; i.e., a felony if the total value of all of the counts exceeds $1,000, or a misdemeanor if the total value does not.

The circumstances at hand are that Defendant was indicted on twelve counts of having "improperly received and retained social security retirement insurance benefit payments issued to her deceased mother . . ." by withdrawing these benefits through automatic teller machine transactions on various dates and in violation of 18 U.S.C. § 641. [Indictment filed December 15, 2010 at 2.] Each withdrawal transaction is listed as a separate count and involves a withdrawal of $301.00 or less. Id. As provided for in the statute with which Defendant is charged, Defendant is charged with twelve separate counts in a single case of having taken Social Security benefits, and each count is in an amount which is less than $1,000 but the total

amount of all counts is greater than $1,000.  The statute is

therefore not unconstitutionally vague in the circumstances of

this case.  This finding is borne out by the statute's

legislative history.  In 2004, the statute was amended to provide

for aggregation of all counts for which a defendant is convicted

in a single case.  At the hearing, counsel for the Government

submitted, with the consent of defense counsel, a portion of the

legislative history for 18 U.S.C. § 641 pertaining to the 2004

amendment.  In pertinent part, it provides:

> This section clarifies that in a crime
> prosecuted under 18 U.S.C. § 641 that
> involves more than one incident, the values
> of the losses can be aggregated for purposes
> of determining the penalties.  It amends 18
> U.S.C. § 641 to allow for the aggregation of
> all counts for which the defendant is
> convicted in a single case.

 H. Rep. No. 108-528 (2004), reprinted in 2004 U.S.C.C.A.N 779.

## CONCLUSION

On the basis of the foregoing, Defendant's Motion to

Dismiss Indictment, filed March 30, 2011, is HEREBY DENIED.

**IT IS SO ORDERED.**

DATED AT HONOLULU, HAWAII, April 29, 2011.



   /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**USA V. AMALIA LAYMAN; CR. NO. 10-00878 LEK; ORDER DENYING
DEFENDANT'S MOTION TO DISMISS**